## DIEHL v. SCHMALACKER.

(Supreme Court, Appellate Term.    March 24, 1899.)

BUILDING CONTRACT—CERTIFICATE OF ARCHITECT.

 Action for balance on contract, whereby plaintiff undertook to erect a building in a certain manner to the satisfaction of the architect, to be testified by his certificate, cannot be maintained, a certificate not having been produced, or evidence given, that it had been demanded and refused, or that its nonproduction had been waived or excused.

Appeal from municipal court, borough of the Bronx, Second district.

Action by Jacob Diehl against Bernard Schmalacker.  From a judgment on a verdict for plaintiff, defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

William Henry Knox, for appellant.
Harry Overington, for respondent.

MacLEAN, J.  In an action brought "for balance on contract," wherein the defendant pleaded general denial, a breach of the con-

tract, and failure to obtain the certificate required therein, the plaintiff introduced in evidence the contract, which was under seal, and whereby he undertook to "well and sufficiently erect and finish three new buildings agreeably to the drawings and specifications made by Michael J. Garvin, and signed by the said parties, and hereunto annexed, within the time aforesaid, in a good, workmanlike, and substantial manner, to the satisfaction and under the direction of the said architect, to be testified by a writing or certificate under the hand of said architect." No certificate of any sort by the architect was produced, nor was evidence given, to show that it had been applied for and refused for any reason, bad or good, or that its nonproduction had been excused or waived by the defendant. As production of such a certificate was a condition precedent to recovery, the motion made to dismiss the complaint when the plaintiff rested should have been granted, instead of denied. The same is true of the similar motion made at the conclusion of the taking of testimony, when, too, the defendant had given evidence of several breaches of his contract by the plaintiff. The other objections contended for by the defendant do not now need discussion. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.